UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEVIN CAMPBELL,

       Plaintiff,    DEFENDANTS' FEDERAL
               EXPRESS AND ERIC WANDERS
               ANSWER TO PLAINTIFF'S
               COMPLAINT
 -against-

FEDERAL EXPRESS CORPORATION a/k/a  Civil Action No. 22-cv-7662
FEDEX EXPRESS, and ERIC WANDERS,
INDIVIDUALLY,
       Defendants.
----------------------------------------------------------------X

   Defendants Federal Express Corporation ("FedEx") and Eric Warnders (misspelled "Wanders" in Plaintiff's Complaint), for their Answer to Plaintiff's Complaint, hereby state as follows:

## NATURE OF THE CASE

   1.  In response to the first paragraph of Plaintiff's Complaint, Defendants admit only that the Complaint purports to allege claims arising under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000(e) *et seq.*, the New York State Human Rights Law, New York State Executive Law § 296 *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-502 *et seq*. Defendants deny that it has violated any law, statutes, or regulation cited in Plaintiff's Complaint and deny that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

   2.  Defendants admit the allegation contained in Paragraph 2 of Plaintiff's First Amended Complaint.

   3.  Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

   4.  Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

102171122

## PROCEDUAL PREREQUISITES

5. Defendants admit that the Charge of Discrimination was signed by Plaintiff on August 31, 2021. Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegation contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegation contained in Paragraph 7 of Plaintiff's Complaint.

## PARTIES

8. Defendants admit FedEx Express is a corporation organized and existing under the laws of the State of Delaware, that the principal place of business is in Tennessee, that it is headquartered in Tennessee, and that it does business in the State of New York.

9. Defendants admit it hired Plaintiff as a Courier/Non-Driver on or around April 2, 2017.

10. Defendants admit the allegation contained in Paragraph 10 of Plaintiff's Complaint

11. Defendants admit the allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegation contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit that the named managers had supervisory authority regarding Plaintiff. Whether the named managers had "authority to change the terms and conditions of Plaintiff's employment" calls for a legal conclusion, to which no answer is required. Defendants

are without sufficient knowledge to determine Plaintiff's characterization of "final decision-making authority" and, therefore, deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Eric Warnders is misspelled in the Complaint. Defendants admit the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

## **MATERIAL FACTS**

17. Defendants admit the allegation contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the Plaintiff was hired on April 2, 2017 as a Courier/Non-Driver at a pay rate of $19.09 per hour. FedEx created this position for Plaintiff because he did not have a DOT license. Defendants deny the remaining allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit that Plaintiff's salary was $22.50/hour at the time of termination. Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit Henry Nunez was Plaintiff's manager from April 2, 2017 to June 15, 2020.

21. Defendants admit Nunez had supervisor authority over Campbell but deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants admit that Plaintiff reported Peter Lorenzi for referencing Trayvon Martin in a conversation. After an investigation, Lorenzi was disciplined for his comments. Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants incorporate their response to Paragraph 28 and deny the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and, therefore, deny the same.

31. Defendants deny Lorenzi followed Plaintiff into the kitchen. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, deny the same.

32. Defendants lack knowledge sufficient to admit or deny whether the quoted language in Paragraph 32 is accurate. Therefore, Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit Plaintiff complained to Ontaneda about statements Lorenzi made to him. Defendants lack knowledge sufficient to admit or deny whether the quoted language in Paragraph 33 is accurate. Therefore, Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants incorporate their response to Paragraph 34 and deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegation contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegation contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegation contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegation contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegation contained in Paragraph 40 of Plaintiff's Complaint

41. Defendants deny the allegation contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants admit Lorenzi was suspended for statements he made to Plaintiff because his conduct violated FedEx policy. Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegation contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants incorporate their response to Paragraph 43 and deny the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants incorporate their response to Paragraph 43 and deny the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants incorporate their response to Paragraph 43 and deny the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants incorporate their response to Paragraph 43 and deny the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants incorporate their response to Paragraph 43 and deny the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

102171122

55. Defendants lack knowledge sufficient to admit or deny how Plaintiff "jokes" or what, in his opinion, constitutes "dark humor." Therefore, Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants incorporate their response to Paragraph 56 and deny the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint and, therefore, deny the same.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Complaint and, therefore, deny the same.

66. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Complaint and, therefore, deny the same.

67. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Complaint and, therefore, deny the same.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Complaint and, therefore, deny the same.

102171122

70. Defendants admit Plaintiff and former co-worker, Augusto Alzate, were involved in an altercation on May 18, 2021. Defendants deny the remaining allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants admit, upon information and belief, Alzate pushed a box towards Plaintiff. Defendants lack knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 70 of Plaintiff's Complaint and, therefore, deny the same.

72. Defendants lack knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint and, therefore, deny the same.

73. Defendants admit Alzate removed a box cutter from his utility belt during the altercation and that Alzate appeared to motion towards Plaintiff. Defendants deny the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendants admit Plaintiff and Alzate physically struggled over the box cutter and that Plaintiff grabbed Alzate's arm during the struggle. Defendants lack knowledge sufficient to admit or deny what Plaintiff said to Alzate and, therefore, denies the allegation "Campbell also repeatedly asked Alzate to drop the boxcutter which he refused to do." Defendants deny the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendants admit FedEx is in possession of surveillance video of the May 18, 2021 altercation between Plaintiff and Alzate. Defendants deny the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

102171122

78. Defendants admit Plaintiff appealed his termination decision using FedEx's Guaranteed Fair Treatment Process (GFTP) and that the termination decision was upheld. Defendants deny the remaining allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendants lack knowledge sufficient to determine what constitutes "above average" performance as defined by Plaintiff and, therefore, denies the allegations contained in Paragraph 85 of Plaintiff's Complaint and, therefore, deny the same.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendants lack knowledge sufficient to determine how Plaintiff felt. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITILE VII**
(Defense For FedEx)

1. Defendants hereby restate and incorporate by reference their admissions, denials and responses contained herein.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint of the First Cause of Action.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint of the First Cause of Action.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint of the First Cause of Action.

### AS A THIRD CAUSE OF ACTION
### FOR RETALIATION
### UNDER TITILE VII
(Defense For FEDEX)

93. Defendants hereby restate and incorporate by reference their admissions, denials and responses contained herein.

94. Defendants admit Title VII is accurately quoted but deny they violated the statute.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

### AS A FOURTH CAUSE OF ACTION
### FOR RACE DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Defense Against Eric Wanders)

100. Defendants hereby restate and incorporate by reference their admissions, denials and responses contained herein.

101. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
(Defense Against Eric Wanders)

104. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendant avers Eric Warnders' name is misspelled in Plaintiff's Complaint. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

**AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
(Defense Against Eric Wanders)

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION VICARIOUS DISABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
(Defense For FedEx)

112. Defendants restate and incorporate by reference their admissions, denials and responses contained herein.

113. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

114. Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

**AS AN EIGHTH CAUSE OF ACTION FOR RACE AND DISABILITY DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW**
(Defense For FedEx)

116. FedEx hereby restates and incorporates by reference its admissions, denials and responses contained herein.

117. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

118. Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

### AS A NINTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW
(Defense For FedEx)

120. Defendants hereby restate and incorporate by reference their admissions, denials and responses contained herein.

121. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

122. Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

### AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW
(Defense Against Eric Wanders)

124. Defendants hereby restate and incorporate by reference their admissions, denials and responses contained herein.

125. Defendants admit the statute appears to be accurately quoted but deny they violated the statute.

126. Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127. Defendants deny that Plaintiff is entitled to the relief sought and deny that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

128. Defendants admit Plaintiff has demanded a jury trial on all issues to be tried but deny Plaintiff is entitled to any of the relief sought in subparagraphs (A) – (F).

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to the relief sought and deny that Plaintiff is entitled to any relief whatsoever. All allegations of the Complaint which have not been specifically admitted, modified, or denied above are hereby **DENIED**.

## AFFIRMATIVE DEFENSES

Having answered Plaintiff's complaint in its entirety, Defendants asserts the following affirmative defenses:

1. Plaintiff's Complaint, or parts thereof, fails to state a claim upon which relief can be granted.

2. Some or all of the claims are barred by the failure to exhaust administrative remedies in a timely manner.

3. Plaintiff failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of FedEx.

4. Some or all of the damages, if any, may be barred by the after-acquired evidence doctrine.

5. Some or all of Plaintiff's claims are barred by the applicable statute of limitations or other timeliness requirements.

6. To the extent Plaintiff executed an Employment Agreement requiring that he bring any action against FedEx within six months of the alleged violation, his claims are subject to such contractual statute of limitations.

7. At all times relevant to this suit, Defendants acted in good faith and without malice based upon all relevant facts and circumstances known by FedEx at the time it acted with regard to Plaintiff, and had reasonable grounds for believing its actions were not in violation of any law. Even if a factor in Defendants' decision(s) would have included any alleged discriminatory or retaliatory motive alleged by Plaintiff, which Defendants deny, Defendants would have made the same decisions in any event for legitimate nondiscriminatory reasons.

8. FedEx cannot be held liable for the actions of its employees which are neither authorized nor ratified.

9. FedEx avers that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, their actions were neither the cause nor the proximate cause of Plaintiff's alleged injuries.

10. Each employment action Defendants took with respect to Plaintiff was in compliance with FedEx policy and for a legitimate, non-discriminatory business purpose and without regard to his race, color, national origin, or any other protected classification.

11. The Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

12. FedEx took prompt and appropriate corrective action and exercised reasonable care to prevent and promptly correct any allegedly discriminatory behavior against the Plaintiff.

13. Without admitting any allegation contained in Plaintiff's Complaint, Defendants avers that Plaintiff's claim for damages is barred, because he cannot prove by clear and convincing evidence that Defendants acted with actual malice or reckless indifference for his protected rights. Further, punitive damages are not warranted, because plaintiff cannot show Defendants authorized the doing of any unlawful act; that its agents or employees were unfit and FedEx was reckless in employing them; that FedEx's agents or employees were acting within the scope of their employment in committing any unlawful acts; or that FedEx or one of its managerial agents ratified or approved any unlawful conduct. Alternately, even if FedEx's managerial agent(s) whose actions are at issue wasnacting within the scope of his or her employment, punitive damages may not be awarded against the Defendants, because the alleged retaliatory employment decisions of

15

the alleged managerial agent(s) were contrary to FedEx's good faith efforts to prevent discrimination in the workplace.

14. Defendants avers that this action is frivolous, unreasonable and groundless and accordingly, Defendants are entitled to recover their attorneys' fees and other cost associated with defense of this action.

15. Plaintiff does not have a "disability" as that term is defined by the ADA or the applicable state statute. Defendants avers that plaintiff is not a qualified individual with a disability as defined in 42 U.S.C. § 12101, et seq. or the applicable state statute.

16. Plaintiff is not a "qualified individual with a disability" as that term is defined by the ADA or the applicable state statute.

17. Plaintiff failed to request reasonable accommodations for his disability.

18. Plaintiff's claims are barred insofar as he failed to comply with his duty to engage in a good faith interactive process.

19. Defendants reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered, Defendants pray that his Court will enter judgment in their favor, award their costs, including reasonable attorneys' fees, and award other relief as may be just and proper.

16
102171122

Respectfully submitted,

*s/ Christopher Keenoy*
Christopher Keenoy, Esq.
Morrison Mahoney LLP
Wall Street Plaza
88 Pine Street
Suite 1900
New York, NY 10005
Telephone: (212) 428-2491
CKeenoy@morrisonmahoney.com

ATTORNEYS FOR DEFENDANTS
FEDERAL EXPRESS CORPORATION

102171122

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2023, a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF and by U.S. Mail on the party of record listed below:

Jessica Massimi, Esq.<br>
99 Wall Street, Suite 1264<br>
New York, NY 10005

<i>s/ Christopher Keenoy</i>

1785368

102171122