# MASSIMI LAW PLLC
99 Wall Street, Suite 1264
New York, NY 10005
Jessica.Massimi@gmail.com
646-241-9800

March 18, 2024

**VIA ECF**

Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Kevin Campbell v. Federal Express Corporation, et al.*,
              22 CV 7662 (DLI)(MMH)

Your Honor:

      The parties write jointly to respectfully request that the Court conduct an *in-camera* inspection of defense counsel's notes from conversations with former FedEx management employee and non-party witness, Monty Bovell, on February 16 and February 20, 2024. Defense counsel has asserted that the notes are protected by attorney work-product, while Plaintiff's counsel contends that the notes should be disclosed.

      Plaintiff believes that defense counsel's 2/16 and 2/20 notes may contain information that is not protected by the work-product doctrine if they reflect communications that shaped Mr. Bovell's deposition testimony on March 11, 2024.

      Monty Bovell is a former FedEx employee and supervisor who reported to Defendant Warnders An issue in dispute in this litigation is who is responsible for terminating Plaintiff. Plaintiff maintains that there is documentary evidence confirming Mr. Warnders directed that FedEx terminate Mr. Campbell. Defendants contend that the testimony evidence shows that Bovell terminated Plaintiff.

      Plaintiff specifically contends that where a corporate employee is a former employee, communications between a corporation's counsel and a former employee whom counsel does not represent, which bear on or otherwise potentially affect the witness' testimony are not privileged. *Nicholls v. Philips Semiconductor Mfg.*, 2009 U.S. Dist. LEXIS 64644, *4, 2009 WL 2277869 (S.D.N.Y. 2009). In *Hedgeserv Ltd. v. SunGard Sys. Int'l*, 2018 U.S. Dist. LEXIS 202535 (S.D.N.Y. 2018), Judge Moses found privilege waived at a meeting with Plaintiff's CEO and a non-party witness where "the purpose of the meeting, at least in part, was to request that Green provide written testimony in accordance with the draft declaration presented to him over dinner." Judge Moses concluded that "[t]o allow [Plainitff] to keep that proposed testimony secret, therefore, would leave [Defendant] unable to determine whether and how a potentially signifcant

witness's testimony (which may yet be obtained in some manner) was influenced by suggestions from [Defendants'] adversary." *Id*. at 8; *see also* Susan J. Becker, Conducting Informal Discovery of a Party's Former Employees: Legal and Ethical Concerns and Constraints, 51 Md. L. Rev. 239, 308 (1992) ("Extension of the [work product] doctrine to cover every comment made by counsel during an . . . interview with a former employee prevents opposing counsel from conducting meaningful inquiry into the seeds of bias that counsel may have intentionally or inadvertently planted during that interview.")

Defendants contend that the document in question is not a "communication" between counsel and a former employee – it is Mr. McGaha's contemporaneous notes taken during discussions with Mr. Bovell. This document fits squarely within the attorney work-product privilege. *See Granite Partners L.P. v. Bear, Stearns & Co*., 184 F.R.D. 49, 52 (S.D.N.Y. 1999) ("The doctrine extends to notes, memoranda, witness interviews, and other materials, whether they are created by an attorney or by an agent for the attorney.")

After a meet and confer, the parties agreed to submit this issue to the Court do determine whether the attorney work product privilege protects disclosure. The document in question is being submitted contemporaneously herewith under seal.

The parties thank the Court for its time and consideration.

Jointly submitted,

Jessica Massimi, Esq.
*Attorney for Plaintiff*

Gabriel P. McGaha, Esq.
*Attorney for Defendants*