# MASSIMI LAW PLLC
99 Wall Street, Suite 1264
New York, NY 10005
Jessica.Massimi@gmail.com
646-241-9800

May 31, 2024

**VIA ECF**
Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Kevin Campbell v. Federal Express Corporation, et al.,*
            **22 CV 7662 (DLI)(MMH)**

Your Honor:

      Along with co-counsel, I represent the Plaintiff Kevin Campbell in this employment discrimination and retaliation case. I write pursuant to Section IV.A.3. of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in advance of Mr. Campbell's motion for summary judgment on liability.

      Here, summary judgment in Plaintiff's favor is appropriate because there is no factual dispute that he has met his *prima facie* burden of establishing employment discrimination. That fact creates a presumption in his favor, and Defendants are unable to rebut this presumption with the required admissible evidence of a legitimate nondiscriminatory reason for their adverse employment decision.[1]

---

[1] The Court is no doubt familiar with these standards. But for the sake of completeness, Title VII, the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYSCHRL") prohibit employers from discriminating against any individual due to race. The Supreme Court has established a three-step burden shifting framework for a plaintiff seeking to prove employment discrimination via circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). On summary judgment, a plaintiff must first demonstrate a prima facie case of employment discrimination by showing that: "(1) []he was within the protected class; (2) []he was qualified for the position; (3) []he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Alvarado v. United Hospice, Inc.*, 631 F. Supp. 3d 89, 111, 2022 U.S. Dist. LEXIS 175313, *36, 2022 WL 4485379 (S.D.N.Y. 2022). Plaintiff's "burden of establishing a prima facie case is not onerous, and has been frequently described as minimal." *Norton v. Sam's Club*, 145 F.3d 114, 118, (2d Cir. 1998).

After such a showing, the court adopts "a temporary 'presumption' of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). In order to rebut the presumption, the employer must present "admissible evidence of a legitimate nondiscriminatory reason for its adverse employment decision." *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000). The reason must be "legitimate," "nondiscriminatory," "clear," and "specific." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 132 (2d Cir. 2012). Once the employer presents such a reason, the burden shifts back to the plaintiff to show that the proffered reasons amount to a pretext for unlawful discrimination. *See McDonnell*, 411 U.S. at 804. If the employer puts forth evidence of a legitimate

Plaintiff Kevin Campbell is a Black man who began working for Defendant FedEx on April 1, 2017. During his employment, Defendants and their employees discriminated against Mr. Campbell by, in part, (1) cutting Mr. Campbell's hours, (2) stating "Black people are always making excuses about why they can't do things. This is why I hate working with Black people", (3) referring to Mr. Campbell as "Trayvon" – a reference to Trayvon Martin - during the summer of 2020 immediately following the death of George Floyd; (4) stating "Why are you washing your hands for so long? Is it because you are not used to having running water in the projects"; (5) stating "how is your new TV? I am talking about the TV you and your sister stole from Radio Shack this weekend during the riots"; (6) stating "How about I put you in that cage like the gorilla you are;" (7) stating "Doesn't this guy look like someone who would steal your car radio and then try to sell it back to you"; and (8) ultimately terminating his employment after he was attacked by another employee and labelling him as "aggressive." These, without dispute, meet the initial burden.

Defendants' testimony makes clear that these above statements were widely accepted in Mr. Campbell's FedEx station. For example, several managers refused to acknowledge the racist nature of the above statements, with one manager, Steve Pasqualicchio, testifying as follows:

> Q:  Do you believe that is it racist or racial harassment for a white person to say to a Black person, "How about I put you in that cage like the gorilla you are?"
>
> A:  No, I do not believe that it is racist because like I said previously, all people are equal, White, Black, Hispanic, Asian, everybody is equal, there is no racism to me.

Another manager, Henry Nunez, testified that he personally did not believe that such a comment was racist. Nunez further acknowledged that he had a habit of commenting on another Black employee's "peasy ass hair." According to Nunez, the employee's hair "looks like little peas. I guess the corn rows look like little peas" so Nunez would tell him to "get his peasy ass hair done." Examples such as these are legion throughout Defendants' deposition testimony, and these are the individuals FedEx tasked with ensuring a safe and nondiscriminatory working environment. It is no wonder FedEx's strategy did not work.

Mr. Campbell also complained about the above discrimination to FedEx managers, who did nothing but lay the pretextual groundwork for his termination. Specifically, Defendants retaliated by (1) labeling Mr. Campbell a snitch, (2) giving him broken package scanners to attempt to force failure, (3) ultimately terminating his employment after another employee attacked him with a box cutter, and (4) constructing a knowingly false narrative during his post-termination grievance proceeding that Mr. Campbell was aggressive and "bumped" the person who, again, *attacked him with a box cutter*, despite (undisputedly) subjectively finding the "bump[]" allegation not credible.

---

nondiscriminatory reason for its employment decision, to survive summary judgment the plaintiff must offer admissible evidence showing "circumstances that would be sufficient to permit a rational finder of fact to infer that the employer's employment decision was more likely than not based in whole or in part on discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (alteration omitted)

Here are the basics of the story: On May 18, 2021, Mr. Campell and Mr. Alzate were working the morning "sort." Mr. Alzate apparently did not think Mr. Campbell was working fast enough. So, Mr. Alzate smacked and forcefully pushed a box at Mr. Campbell thereby intentionally hitting him with the box, and pulled a boxcutter on him. Mr. Campbell grieved this incident.

FedEx conducted an investigation into this incident during which Alzate claimed that Mr. Campbell "chest bumped" him. However, one of the conclusions reached by FedEx following their investigation was that "A review of Alzate's written statement was not consistent with the VSS review." Defendants' conclusion regarding Alzate's lack of credibility is memorialized in their Security Investigative Report.[2] Based on Defendants' own conclusion that Mr. Alzate's version of events is not credible *in the investigation,* no reasonable jury could conclude that Defendants' stated reason for terminating Plaintiff was sincere — they themselves stated they didn't believe it, in the investigative report. Thus, it fails to rebut the presumption, or serve as anything other than a pretextual cover for their racial discrimination and retaliation.[3]

Likewise, while Defendants produced a video surveillance recording in this case which depicts part of the incident between Alzate and Plaintiff. Defendants' own witness, Nanette Malebranch, admitted during her deposition that the video in question does not actually show Campbell engaging in the alleged bump. According to Malebranch the only basis for the Defendants' (newfound, post-investigation) belief that Mr. Campbell bumped into Augusto were the statements discussed above. In any event, Defendants made no effort to authenticate the video during discovery. They never showed the video to Mr. Campbell or Mr. Alzate, and never identified any other authenticating witness such as the person responsible for installing and maintaining the equipment which (only partially) recorded the encounter. Thus, the video does not provide admissible evidence which the Defendants could use to establish any defense. *Leo v. Long Island R.R.*, 307 F.R.D. 314, 323, 2015 U.S. Dist. LEXIS 56953, *19 (S.D.N.Y., April 30, 2015) ("declining to admit the videotape without" authentication and rejecting Defendants' argument that the videotape was "self-authenticating under Rule 902"). Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Jessica Massimi*

Jessica Massimi, Esq.

---

[2] During Alzate's deposition, his story became even more incredible, stating for the first time — and completely inconsistent with objective video evidence — that Mr. Campbell pushed him by fully extending both of his arms, knocking him to the ground.

[3] In fact, Defendants do not even appear to be relying on Mr. Alzate's statements. Indeed, Nanette Malebranch, tri-state district manager for Defendant Fedex, and highest-ranking FedEx employee deposed in this case, testified that the only source of purported evidence regarding this bump is a statement from an employee, Jose Moreno, who was not involved in the May 18, 2021 incident. Yet, Defendants' have not produced Mr. Moreno's statement in any admissible or credible form. Notably, Mr. Moreno's witness statement contradicts Mr. Alzate's in that Moreno claims Mr. Campbell "suddenly threw his shoulder into Augusto" something not even Mr. Alzate has ever claimed. Mr. Campbell subpoenaed Mr. Moreno for a deposition who initially agreed to appear but later retracted that agreement. Defendants never subpoenaed Mr. Moreno, and have not produced any admissible evidence from Mr. Moreno, such as a sworn declaration, attesting to his alleged observations under oath. As such, Defendants have no admissible evidence from Moreno regarding the alleged bump.