Gabriel P. McGaha  Legal – Employment Litigation  Telephone 901-434-3131
Sr. Counsel  3620 Hacks Cross Rd  gabriel.mcgaha@fedex.com
 Building B, 3rd Floor
 Memphis, TN 38125



June 10, 2024

**VIA ECF**
Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Kevin Campbell v. Federal Express Corporation, et al.* – 22-cv-07662 (DLI) (MMH)

Your Honor:

    Pursuant to Section IV(A)(3) of Your Honor's Individual Rules of Practice, Defendants in the above-referenced matter, Federal Express Corporation ("FedEx") and Eric Warnders, submit this request for a pre-motion conference based upon their intention to file a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

    Plaintiff Kevin Campbell alleges FedEx discriminated and retaliated against him because of his race (Black) by cutting his hours and terminating him and that he experienced a racially hostile work environment. Defendants intend to move for summary judgment on all of Campbell's claims because he cannot proffer evidence to support them.

    1.  **Defendants Did Not Cut Campbell's Hours.**

    Campbell's claim that FedEx cut his hours is baseless. FedEx has produced Campbell's Earnings Report, which shows all the hours he worked while employed with the company. A simple review of the report shows that his hours were never cut during his employment.[1]  In other words, Campbell did not suffer the adverse employment action alleged nor is there evidence he was treated "less well" than any other employee.[2] Therefore, the Court should grant summary judgment on this claim.

    2.  **FedEx Had a Legitimate Non-Discriminatory Reason for Terminating Campbell.**

---

[1] It bears emphasizing that Campbell does not allege how many of his hours were cut or how long his hours were cut.  In any event, the Earnings Report speaks for itself and undermines his claim.

[2] *See* Defs.' Resps. to Pl.'s Premotion Conference Letter for applicable discrimination standard. [ECF 44, Page ID # 291 n.2.]

FedEx terminated Campbell after he engaged in an altercation with a co-worker, Augusto Alzate (Hispanic). The altercation was captured on surveillance video and investigated by FedEx Security. After reviewing the surveillance video and Security Investigation Report, Campbell's direct manager, Monty Bovell (Black), in consultation with human resources advisor, Lance Reyes (Black), terminated Campbell for violating FedEx's Acceptable Conduct Policy. The policy states that disruptive conduct, including fighting, using violent or intimidating language, or engaging in violent, threatening, or intimidating behavior, are all grounds for termination.

The fact that FedEx terminated both Campbell and Alzate for the same reason disproves any notion that FedEx terminated Campbell because of his race. Moreover, to succeed on his wrongful termination claim, Campbell would have to show that someone of the *same race* terminated him *because of his race*. *See Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, No. 03 Civ. 6233(JBW), No. 03–CV–6233, 2005 WL 1521239, at *33 (E.D.N.Y. June 22, 2005) (finding the fact that both plaintiff and the ultimate decision maker behind her termination were of the same race "serves to support defendants' claim that plaintiffs termination was not based on impermissible motives"). There is simply no evidence to support Campbell's wrongful termination claim.

Campbell's claim that he was discriminated against after he was terminated during FedEx's Guaranteed Fair Treatment (GFT) process fails because it was not exhausted.[3]

### 3. Campbell Cannot Establish a Hostile Work Environment Claim.

Campbell's hostile work environment claim is also unavailing, in part, because Campbell has not identified a single discriminatory statement made to him that Defendants did not adequately respond to when reported. Specifically, Campbell alleges that in the "summer of 2018" his supervisor at the time, Henry Nunez (Hispanic), stated "Black people are always making excuses about why they can't do things. This is why I hate working with Black people" While Campbell offers no witness testimony or other evidence to corroborate this baseless claim, he, nonetheless, testified that he notified Defendant Eric Warnders (White) that Nunez made a statement he found offensive, and that Warnders spoke with Nunez, who apologized the same day. Campbell testified that he believed this incident was handled "in a professional way" and that Warnders "did what he needed to do to make it go away." Accordingly, this alleged statement does not support a hostile work environment claim.[4]

---

[3] Campbell's EEOC charge states that the last date of discrimination was his termination date, May 25, 2021. The charge was never amended to include any post-termination acts. Therefore, unlike Campbell's other claims, which are arguably tolled, this claim is subject to the six-month contractual limitation period set out in FedEx's employment agreement, wherein Campbell agreed to "BRING ANY CLAIM WITHIN THE TIME PROVIDED BY LAW OR NO LATER THAN SIX (6) MONTHS FROM THE DATE OF THE EVENT FORMING THE BASIS OF THE CLAIM, WHICHEVER EXPIRES FIRST." (all caps in original)

[4] Incidentally, this "summer 2018" statement is also time-barred as Campbell does not allege that another incident giving rise to her hostile work environment claim occurred again until "summer 2020." *See* Compl. [D.E. 1, ¶¶ 23-27.] Therefore, this incident could not reasonably be considered part of Campbell's "continuing action" "Courts [must] make an individualized assessment of whether incidents and episodes are related, an inquiry in which courts have flexibility that is useful in a context as amorphous as hostile work environment." *Whyte v. New York State Police*, 22-CV-05633 (NGG) (CLP), 2023 WL 7413087, at *10 (E.D.N.Y. Nov. 9. 2023) quoting *Grimes-Jenkins v. Consol. Edison Co. of New York, Inc*., No. 16-CV-4897 (AT) (JCF), 2017 WL 2258374, at *12 (S.D.N.Y. May 22, 2017).

The next specific incident Campbell alleges to support his hostile work environment claim is an incident that occurred on June 1, 2020, when a co-worker, PL, called Campbell "Trayvon" and made a statement relating to running water in the projects. After Campbell reported this incident, the employee was immediately suspended while FedEx investigated Campbell's complaint. Following the investigation, FedEx suspended the employee for five days without pay and issued him a Warning Letter (disciplinary write-up). Campbell testified that he agreed that PL's suspension was an appropriate response. Accordingly, the statements made during this incident do not provide a basis for a hostile work environment claim as it is undisputed FedEx took appropriate action to rectify the alleged discriminatory conduct.

All the other alleged discriminatory remarks should not be considered by the Court because it is undisputed Campbell did not report them until after he was terminated.[5] Therefore, the conduct cannot be imputed to Defendants.[6]

### 4. **Defendants Did Not Retaliate Against Campbell.** [7]

Campbell's retaliation claim fails for several reasons, including because there is no causal connection between the protected activity and the alleged adverse employment actions. According to his own Complaint, Campbell's only possible protected activities were his complaint about Nunez in "summer 2018" and his June 1, 2020 complaint reporting the incident with PL.[8] Campbell was not terminated until May 25, 2021, nearly one year after he reported the PL incident. Thus, Campbell cannot establish a *prima facie* case for retaliation because there is no causal connection between the protected activity and the adverse employment action. *See Hazelwood v. Highland Hosp.*, 763 Fed. Appx. 62-63 (2d Cir. 2019) (finding a ten-month temporal nexus was insufficient to establish a causal connection). Even if Campbell could establish a *prima facie* retaliation claim, the fact that FedEx terminated Alzate for the same incident bellies any claim of pretext.

Respectfully Submitted,

*Gabriel P. McGaha*

Gabriel P. McGaha

---

[5] While Campbell tries to circumvent the fact that he did not report any of these alleged statements by claiming that certain managers were present and heard them, other than his own self-serving testimony, he has not proffered a single piece of evidence to corroborate his claim that these statements were ever even made, let alone than any manager was either present or heard them. Furthermore, the fact that FedEx took action when he previously reported discriminatory conduct makes his decision to not report these alleged discriminatory statements inexplicable.

[6] Campbell does not allege Defendant Warnders ever made a discriminatory statement to him.

[7] "*See* Defs.' Resps. to Pl.'s Premotion Conference Letter for applicable retaliation standard. [ECF 44, Page ID # 293 n.5.]

[8] There cannot be a retaliation claim based on hostile work environment because it is undisputed Campbell never reported any harassing conduct after the June 1, 2020 Lorenzi incident.