# EXHIBIT 26

# DEFENDANTS' INITIAL DISCLOSURES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KEVIN CAMPBELL,

                      Plaintiff,                      DEFENDANTS' FEDERAL EXPRESS AND ERIC WANDERS RULE 26(a)(1) INITIAL DISCLOSURES TO PLAINTIFF

  -against-

FEDERAL EXPRESS CORPORATION a/k/a          Civil Action No. 22-cv-7662
FEDEX EXPRESS, and ERIC WANDERS,
INDIVIDUALLY,

                      Defendants.
-------------------------------------------------------------------X

        Defendants Federal Express Corporation d/b/a FedEx Express ("FedEx") and Eric Warnders (collectively, "Defendants"), submit their Rule 26 (a)(1) Initial Disclosures as follows:

## PRELIMINARY STATEMENT

        Defendants have not completed the investigation of all the facts of this case or analysis of this matter and has not completed preparation for trial. Accordingly, these disclosures are provided pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure without prejudice to Defendants' right to introduce at trial any evidence that is subsequently discovered relating to relevant issues involved in this case, and to produce and introduce all information whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents, and things now known may be imperfectly understood and, accordingly, such facts, documents, and things may not be included in the following statement. Defendants reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents, and things notwithstanding the initial disclosures herein. Defendants further reserve the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all facts, documents, and things which it does not presently recall but may recall at some time in the future.

Defendants object to the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. To the extent Defendants inadvertently discloses information that may be protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

The information set forth below is provided without waiving (1) the right to object to the use of any response for any purpose, in this action or any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any requests involving or relating to the subject matter of the response herein; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below, at any time. Defendants specifically reserve the right to supplement their responses herein in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

## **DISCLOSURES**

**REQUIREMENT (1)(A)**:   The name and, if known, the address and telephone number of each individual likely to have discoverable information that defendant may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**DISCLOSURE:** Defendants object to any *ex parte* contact by Plaintiff with any designated individuals employed as a manager or charged with human resources, employee relations, personnel, equal employment opportunity, security, or safety specialist responsibilities, present or former. These employees may be contacted through defense counsel Gabriel P. McGaha, FedEx Legal Department, 3620 Hacks Cross Road, Building "B," Third Floor, Memphis, Tennessee 38125, (901) 434-3131. Defendants have not completed the investigation of all the facts of this case. It is anticipated that more individuals with information may be discovered. Defendants

2

reserve the right to supplement witnesses, including expert witnesses, during the course of discovery.

Without waiving any objections, Defendants identify individuals who may have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, are identified as follows:

1. Plaintiff, Kevin Campbell, has knowledge concerning the allegations in his Complaint; his alleged damages; his termination; and his attempts to mitigate his damages, if any.

2. Henry Nunez, Manager Station Ops/DOT, may have knowledge that will support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance, as well as knowledge of internal complaints filed by, and against, Plaintiff. He may also possess knowledge of Plaintiff's internal appeals of certain disciplinary actions. Mr. Nunez may be contacted through counsel.

3. Frank Ontaneda, Manager Station Ops/DOT, may have knowledge that will Support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance, as well as knowledge of internal complaints filed by, and against, Plaintiff. Mr. Ontaneda may be contacted through counsel.

4. Michael Bradley, Manager Station Ops/DOT, may have knowledge that will Support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance, as well as knowledge of internal complaints filed by, and against, Plaintiff. Mr. Bradley may be contacted through counsel.

5. Steve Pasqualicchio, Manager Station Ops/DOT, may have knowledge that will

Support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance, as well as knowledge of internal complaints filed by, and against, Plaintiff. Mr. Pasqualicchio may be contacted through counsel.

6. Eric Warnders, Senior Manager Station Ops/AAA, may have knowledge that will support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance, as well as knowledge of internal complaints filed by, and against, Plaintiff. He also possesses knowledge of Plaintiff's internal appeals of certain disciplinary actions. Mr. Warnders may be contacted through counsel.

7. Nanette Malebranche, MD Dist Ops/AAAA, may have knowledge that will support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance, as well as knowledge of internal complaints filed by, and against, Plaintiff. She also possesses knowledge of Plaintiff's internal appeals of certain disciplinary actions. Ms. Malebranche may be contacted through counsel.

8. Lance Reyes, Human Resources Representative, may have knowledge that will support Defendants' defenses including, but not limited to, Plaintiff's work and disciplinary history and performance. She may also have knowledge of the internal complaints filed by, and against, Plaintiff. She may also have knowledge of Plaintiff's internal appeals of certain disciplinary actions. She may also have knowledge of applicable policies and procedures, including, but not limited to, the following FedEx policies: Acceptable Conduct Policy (2-5), Guaranteed Fair Treatment Procedure (5-5), Internal EEO Complaint Process (5-6), Equal Employment Opportunity/Affirmative Action Policy (4-55), External EEO Complaint Investigation (5-15), Termination (4-90), Security (8-80), and Anti-Harassment (5-55). Mr. Reyes may be contacted through counsel.

9. James Cahill, Sr. Security Specialist, may have knowledge that will support Defendants' defenses including, but not limited to, Plaintiff's physical altercation underlying plaintiff's termination and may also have knowledge of applicable policies and procedures, including, but not limited to, the following FedEx policies: Acceptable Conduct Policy (2-5), Security (8-80), and Anti-Harassment (5-55). Mr. Cahill may be contacted through counsel.

10. All witnesses listed in Interrogatory responses by any party.

11. All witnesses listed in documents produced by any party.

12. All other witnesses whose relevance becomes apparent during discovery.

**REQUIREMENT (1)(B):** A copy of, or a description by category and location of, all documents, data compilations, and tangible items that are in the possession, custody, or control of the defendant and that the defendant may use to support its claims or defenses, unless solely for impeachment.

**DISCLOSURE:** FedEx is a large corporation; therefore, documents may exist which have yet to be discovered. Defendants is still in the process of looking for relevant documents, and Defendants specifically reserve the right to supplement their production if such additional documents are discovered that they may use to support their defenses. Without waiving any objections, Defendants may use relevant, non-privileged documents from the following categories in support of their defenses:

1. FedEx's Workday file regarding Plaintiff maintained at FedEx's central records sit in Memphis, Tennessee. This is an online personnel file.

5

2. Plaintiff's Back Office Imaging file regarding Plaintiff maintained at FedEx's central record site in Memphis, Tennessee.

3. Non-privileged portions of FedEx's Internal EEO file regarding Plaintiff maintained at FedEx's central record site in Memphis, Tennessee.

4. Plaintiff's Manager File maintained at FedEx's facility located at LGA in New York, New York.

5. Earnings records reflecting Plaintiff's earnings while employed at FedEx maintained at FedEx's central record site in Memphis, Tennessee.

6. Plaintiff's Retirement File, FedEx's central record site in Memphis, Tennessee and obtained from Vanguard, the retirement vendor for FedEx.

7. Plaintiff's Pension File, if any, maintained at FedEx's central record site in Memphis, Tennessee.

8. Plaintiff's Human Resources File, if any, maintained at FedEx's central record site in Memphis, Tennessee.

9. Plaintiff's Equal Employment Opportunity File, if any, maintained at FedEx's central record site in Memphis, Tennessee.

10. Plaintiff's Benefits file, if any, maintained at FedEx's central record site in Memphis, Tennessee.

11. Plaintiff's Security file, if any, maintained at FedEx's central record site in Memphis, Tennessee.

12. Plaintiff's OLCC (Online Counseling) file, if any, maintained at FedEx's central record site in Memphis, Tennessee.

13. Plaintiff's Workers Compensation file, if any, maintained at FedEx's central record site in Memphis, Tennessee.

14. Plaintiff's Managing Director file, if any, maintained at FedEx's central record site in Memphis, Tennessee.

15. Plaintiff's e Acknowledgement file, if any, maintained at FedEx's central record site in Memphis, Tennessee.

16. All Relevant FedEx policies and procedures, including but not limited to FedEx's, Acceptable Conduct Policy.

17. Plaintiff's Electronic Stored Information File, if any, maintained at FedEx's central record site in Memphis, Tennessee.

18. All documents produced by third parties in discovery.

19. Any documents identified in Plaintiff's Rule 26 Disclosures.

20. Any documents identified in discovery.

21. Exhibits introduced during depositions

**REQUIREMENT (1)(C):** A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**DISCLOSURE:** FedEx intends, at this time, to claim the cost of this lawsuit including, but not limited to, deposition transcript costs, videographer costs, court reporter fees and costs, and copying costs, awardable to prevailing party under Federal Rule of Civil Procedure 54(d)(1).

**REQUIREMENT (1)(D):** For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part

7

or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**DISCLOSURE:** Defendant is self-insured for claims of this nature up to a deductible which will not be reached, and, accordingly, does not consider this case to be covered by any insurance agreement currently in force.

Respectfully submitted,

 */s/ Gabriel McGaha*
Gabriel McGaha (TN #027413)
**FEDERAL EXPRESS CORPORATION**
3620 Hacks Cross Rd, Bldg. B, 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-3131
Facsimile: (901) 434-9279
gabriel.mcgaha@fedex.com

*Attorney for Defendants Federal Express Corporation and Eric Warnders*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing Defendant's Rule 26(a)(1) Initial Disclosures to Plaintiff upon the following via electronic mail on the party of record listed below on April 5, 2023:

Jessica Massimi, Esq.
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com

*s/ Gabriel P. McGaha*_____

*Attorney for Defendants Federal Express Corporation and Eric Warnders*