# EXHIBIT 39

# PLAINTIFF'S PROPOSED BRIEFING REGARDING DEFENDANTS' REQUEST TO STRIKE PLAINTIFF'S 56.1 STATEMENT

## PLAINTIFF'S RESPONSE TO DEFENDANTS' 56.1
## RESPONSE REQUESTING LEGAL RELIEF

In Defendants' 56.1 Response, they have essentially moved to strike Plaintiff's 56.1 Statement. Defendants' request should be denied.

Without making a motion on notice, and without even including these arguments in their memorandum of law, Defendants improperly request only in their 56.1 Response that the Court disregard Plaintiff's 56.1 Statement and therefore deny his motion for summary judgment, because the Defendants contend Plaintiff's 56.1 Statement is too long and contains purportedly immaterial assertions.

This argument in and of itself is improper in a 56.1 statements and should be rejected. *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CV-7488, 2017 U.S. Dist. LEXIS 213712, 2017 WL 6606629, at *1 (S.D.N.Y. Dec. 20, 2017) (disregarding improper legal argument in 56.1 statement). "A party seeking to strike a Rule 56.1 statement 'bears a heavy burden.'" *Pearlstein v. Blackberry Ltd.,* 2022 U.S. Dist. LEXIS 1537 (S.D.N.Y. Jan. 3, 2022) (quoting *Christians of Cal., Inc. v. Clive Christian N.Y, LLP,* No. 13-cv-275, 2014 U.S. Dist. LEXIS 95531, 2014 WL 3407108, at *2 (S.D.N.Y. July 7, 2014). "[C]ourts in this Circuit frequently deny motions to strike paragraphs in Rule 56.1 statements, and simply disregard any improper assertions." *Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.*, No. 09-CV-1410, at *6 (KAM) (RLM), 2012 U.S. Dist. LEXIS 174295, 2012 WL 6091570 (E.D.N.Y. Dec. 7, 2012), *report and recommendation adopted in relevant part*, 2013 U.S. Dist. LEXIS 45949, 2013 WL 1334271 (E.D.N.Y. Mar. 28, 2013).

Substantively there were 12 depositions in this case, and a large undisputed record of pervasive discrimination at the FedEx LGA station, spanning years. Mr. Campbell's inclusion of this information in his 56.1 is proper.