**MASSIMI LAW PLLC**
99 Wall Street, Suite 1264
New York, NY 10005
Jessica.Massimi@gmail.com
646-241-9800

February 21, 2025

**VIA ECF**
Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Kevin Campbell v. Federal Express Corporation a/k/a FedEx Express, and Eric Wanders, Individually*
            **22 CV 7662 (DLI)(MMH)**

Your Honor:

      I represent the Plaintiff in this race discrimination and retaliation lawsuit. Plaintiff respectfully requests leave to file a three-page sur-reply to respond to arguments raised by Defendants for the first time in their reply which is the fourth and final filing in the parties' dispositive motion practice.

      On October 28, 2024, the Court issued an Order directing Defendants to, by November 18, 2024, serve their "opposition and motion for summary judgment." On November 18, 2024, Defendants served a Memorandum of Law In Support of Motion for Summary Judgment, the title of Defendants' document making no mention that it was in compliance with the Court's Order to also submit "opposition" to Plaintiff's motion for summary judgment which Plaintiff served on September 13, 2024. On January 6, 2025, Plaintiff served his reply and opposition in accordance with the Court's Order. The Court's Order directed the Defendants to serve only their reply – making no mention that they could reserve their opposition for the same time – on February 19, 2025. However, on February 19, 2025, Defendants served their brief in part as "Opposition to Plaintiff's Motion for Summary Judgment," raising for the first time several arguments they failed to address in what the Court ordered to be Defendants' motion and opposition.

      While "[t]he law in this Circuit is clear that arguments raised for the first time in reply briefs need not be considered," *Mayer v. Neurological Surgery, P.C.*, 2016 U.S. Dist. LEXIS 10260, *11, 2016 WL 347329 (E.D.N.Y. Jan. 28, 2016), if the Court is not inclined to disregard Defendants' newly raised arguments, Plaintiff respectfully requests the opportunity to respond. *See, also, EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 n.1 (2d Cir. 2007); *Cotona v. Fed. Bureau of Prisons*, 2013 U.S. Dist. LEXIS 144988, 2013 WL 5226238, at *2 (S.D.N.Y. Oct. 7, 2013) ("[A]rguments raised for the first time in a reply memorandum are

waived and need not be considered.")

In Plaintiff's Reply Memorandum of Law In Further Support of Plaintiff's Motion for Summary Judgment ("Pl. Reply MOL"), he notes as follows:

> "[I]n their memorandum of law, Defendants fail to oppose the following arguments made in Plaintiff's MOL: (1) Peter Lorenzi who is not Black was treated more favorably after engaging in the same policy violation for which Plaintiff was ultimately (wrongly) terminated, (2) Defendants' videos are inadmissible, (3) Jose Moreno's statements are inadmissible, and (4) Defendants never raised an affirmative defense of "petty sleights and trivial inconveniences." As such Plaintiff's arguments on these points should be granted as unopposed." Pl. Reply MOL, p. 1.

In Defendants' Opposition and Reply Memorandum of Law (Def. Reply MOL), they proceed to raise for the very first time the three new arguments which Plaintiff flagged as having been omitted from Defendants' Motion and Opposition ("Def. Mot. and Opp.").

First, for the very first time in Defendants' Reply, they argue that "Peter Lorenzi and Kevin Campbell are not similarly situated." Def. Reply MOL, pp. 1-3. In so doing, Defendants downplay the severity of Peter Lorenzi's racial harassment of Mr. Campbell by ignoring the fact that Mr. Lorenzi's racial harassment of Mr. Campbell involved the physically threatening component of following him around the station while referring to him as a dead Black teenager. *See for example* Pl. 56.1 ¶¶ 40-166; *See also* Plaintiff's Motion ("Pl. Mot."), pp. 2, 10, 13. Nowhere in what was ordered to be Defendants' opposition do they address Plaintiff's arguments, instead improperly saving them for their "last word" filing in their reply.

Second, for the first time in Defendants' Reply, they argue that their failure to plead the affirmative defense of "petty slights and trivial inconveniences" in their Answer does not matter. Plaintiff raised this argument in his motion. *See* Pl. Mot., pp. 1, 24. Defendants never responded to this argument in what was ordered to be their opposition, and Plaintiff flagged the fact that Defendants failed to do so, reserving the right to seek leave to file a sur-reply should Defendants attempt to argue this point for the first time in their reply, Pl. Reply MOL, p. 1., which Defendants have now done.

Third, for the first time in Defendants' Reply, they attempt to put forth an analysis as to whether their video evidence is admissible. However, Plaintiff challenged the admissibility of Defendants' videos in his motion. *See* Pl. Mot., pp. 19-22. Defendants never responded to this argument in what was ordered to be their opposition, and Plaintiff flagged Defendants' failure to do so, Pl. Reply MOL, p. 1, reserving the right to seek leave to file a sur-reply regarding any newly raised arguments in Defendants' Reply.

Finally, in Plaintiff's Motion, he argues that Defendants' inconsistent statements regarding their evidence and reasons for Mr. Campbell's termination prove that Defendants' discrimination was the but for cause for his discrimination and retaliation. *See* Pl. Mot., pp. 4-5,

17. Defendants do not address this argument in their Motion and Opposition but attempt to dispute this argument for their first time in their Reply.

    Plaintiff thanks the Court for its time and consideration.

                                              Respectfully submitted,

                                              *Jessica Massimi*
                                              JESSICA MASSIMI, Esq.

3